THE DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK, Plaintiff, *v.* LOUIS M. JONES et al. Defendants.

(Supreme Court, New York Special Term, August, 1898.)

Injunction — City of New York — Department of buildings.

> Where the department of buildings sanctioned the use of the "Rapp system" of floor support in the first four stories of a building, upon a statement that the remaining floors would be completed in the old style arch, and the fifth and sixth stories were completed with the old style arch, and the builders then proceeded to complete the remaining four stories in the same manner as the first four, and where it appears that the department has sanctioned the "Rapp system" of arch in other buildings, a preliminary injunction will be denied pending an action to restrain the use of such arch.

THE application was one to continue preliminary injunction pending the action.

Moving papers alleged that the defendants were constructing a building, situate at the southeast corner of Elm and Duane streets, in the city of New York, contrary to plans approved by the commissioners of buildings for the boroughs of Manhattan and The Bronx.

The application to the commissioner of buildings to use the form of construction known as the Rapp segmental four-inch brick arch was denied, and an application was then made to the board of examiners, in which application, leave was asked to permit the four stories already constructed to remain, and a statement therein contained that balance of building would be completed in old style arch.

The application was approved on condition that the soffits and underside of beams be wire-lathed and plastered.

The defendants constructed the fifth and sixth stories of old-style arch, and then proceeded to construct the remaining four stories of Rapp arch.

It was shown by opposing affidavits that the commissioner of buildings and the board of examiners had approved the Rapp construction in all the stories of a number of buildings of similar height and character. That the only difference between the Rapp arch and the old-style arch, particularly referred to in the statute, was that in the old-style arch there were used temporary wooden centers, and in the Rapp arch the centers were of steel, and were permanent.

Mayer & Gilbert (Julius M. Mayer, Joseph Fettretch, of counsel), for motion.

John Whalen, corporation counsel (Eugene Otterbourg, assistant corporation counsel), opposed.

Bookstaver, J. From a careful examination of the papers submitted, I am of the opinion that the so-called "Rapp system" of floor support fully complies with the requirements of the building laws. The building in question is nearly completed, as far as its erection is concerned. The same system was allowed as to the lower stories, and I can see no reason why it should not be permitted as to the upper. Such being the situation an *interim* injunction should not be granted, especially where the consequences would be so serious to the defendants. I do not lose sight of the fact that the course of the defendants, as shown in plaintiff's Exhibits A, B, C and D, in their efforts to secure the consent of the department to the kind of construction used has been somewhat devious and inconsistent; but, on the other hand, the course of the department has been seemingly contradictory in permitting the use of this system in apparently similar buildings, and especially in the first

four tiers of this building. I cannot conceive on what theory the first objections to the lower tiers were withdrawn and defendants allowed to use the system on four tiers, unless it was in the judgment of the department at least a substantial compliance with the requirements of the building laws. However, all these questions can, no doubt, be cleared up at the trial, and this is an additional reason why the preliminary injunction on the proofs submitted should be denied.

Ordered accordingly.